Marshall, Judge.
The appellant juvenile was adjudicated delinquent based inter alia on his violation of Code Ann. § 26-2610 (b) (Ga. L. 1968, pp. 1249, 1316; 1974, p. 470), which provides as follows: "A person who commits any of the following acts is guilty of a misdemeanor: . . . (b) Without provocation, uses obscene and vulgar or profane language in the presence of a female or of a male under the age of 14 years, or by telephone to a female or to a male under the age of 14 years; ...” (Emphasis supplied.) The sole issue in his appeal from the adjudication of delinquency is whether the qualifying phrase, "under the age of 14 years,” in the italicized, applicable portion of the statute, modifies "female” as well as "male,” as the appellant contends, the victim here being a female over the age of 14 years. The finding of fact that the language used is "obscene and vulgar or profane,” was challenged in neither the trial court nor this court, hence is not in issue. Held:
The appellant’s contention can not be upheld because "to do so would be violative of a fundamental rule that where the provision of a statute is clear and unambiguous it must be taken to mean what has been clearly expressed *267 and no occasion for construction exists.” Forrester v. Continental Gin Co., 67 Ga. App. 119, 128 (19 SE2d 807) (1942) and cits.
Argued April 6, 1977
Decided May 10, 1977.
That the phrase "under the age of 14 years” modifies only "male” is apparent from the fact that it is placed immediately thereafter, and is separated from "female” by the words "or to a.” Had it been intended to qualify both sexes, the General Assembly could have used the masculine gender, which would have included the feminine gender (Code § 102-102 (3)), the term "another,” as used in § 26-2610 (e), or simply the asexual term "person,” which it used 26 times in Code Ch. 26-26, including the statute in question.
Even if any construction of the statute were necessary, "the legislative intent must be determined from a consideration of it as a whole... The construction of language and words used in one part of the statute must be in the light of the legislative intent as found in the statute as a whole.” Williams v. Bear’s Den, Inc., 214 Ga. 240, 242 (104 SE2d 230) (1958) and cits. The fact that subsections (c) and (d) of § 26-2610 specifically protect females generally, rebuts the appellant’s argument. Our construction of this subsection is fortified, if not demanded, by the Supreme Court’s language in Breaux v. State, 230 Ga. 506 (1) (197 SE2d 695) (1973), that the statute "punishes unprovoked, obscene, vulgar or profane language used in the presence of a female or in the presence of a male under 14 years of age . . .” (Emphasis supplied.) (The Breaux case upheld the constitutionality of the statute against an attack alleging that it is "vague, indefinite and overbroad ...”) If the protection of females over 14 years of age is no longer deemed necessary or desirable due to the "changing status and roles between men and women,” as the appellant urges, this is a policy matter that is within the exclusive jurisdiction of the General Assembly.

Judgment affirmed.

Bell, C. J., Quillian, P. J., McMurray, Smith, Shulman and Banke, JJ., concur. Deen, P. J., concurs specially. Webb, J., dissents.

Robert O. Davies, for appellant.
James F. Morris, Solicitor, Don DeFoor, for appellee.